# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re | ) | Chapter 7 Proceedings |
| | ) | |
| ESTEBAN ROBERTO CASILLAS, SR. | ) | Case No: 2:17-bk-12897-DPC |
| AND MARY LOUISE CASILLAS, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| KATHLEEN BAKER-SHORT, | ) | **UNDER ADVISEMENT ORDER** |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | [NOT FOR PUBLICATION] |
| ESTEBAN ROBERTO CASILLAS and | ) | |
| MARY LOUISE CASILLAS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before the Court is Esteban Roberto Casillas, Sr. and Mary Louise Casillas ("Debtors") motion ("Motion to Vacate") seeking to vacate this Court's December 21, 2017 order ("Order") (DE 23[1]) granting the Bankruptcy Rule 2004 motion filed by Kathleen Baker-Short ("Baker"). Debtors contend this Court erred in issuing the Order and that the Order should be vacated because Baker no longer holds a claim against the Debtors and, therefore, is not a party in interest and not entitled to conduct a Rule 2004 examination. For the reasons stated below, the Court agrees with Debtors.[2]

---

[1] "DE" refers to docket entries in the administrative file concerning this chapter 7 case.

[2] This Order sets forth the Court's findings of fact and conclusions of law under Rule 7052 of the Rules of Bankruptcy Procedure.

## I. BACKGROUND

1. Debtors filed a voluntary chapter 11 bankruptcy petition (the "First Bankruptcy") in the U.S. Bankruptcy Court for the District of Arizona on August 9, 2007 at case No. 2:07-bk-03892-CGC.

2. During Debtors' First Bankruptcy, Baker and Marcia M. Baker obtained a stipulated non-dischargeable judgment ("Judgment") against Debtors on October 30, 2009, at Adversary Case No. 2:07-ap-00668. The Judgment was in the amount of $136,000 and was recorded in Maricopa County, Arizona on January 16, 2013. DE 52, Resp. at 2:6-7.

3. Debtors' First Bankruptcy case was terminated on October 19, 2016.

4. Baker never filed anything seeking to renew the 2009 Judgment.

5. Debtors filed the instant bankruptcy case on October 31, 2017 ("Petition Date").

6. Baker filed her ex parte Rule 2004 motion on December 21, 2017 (DE 21) and the Order was entered later that day.

7. Debtors filed their Motion to Vacate on January 10, 2018. DE 39.

8. On February 13, 2018, this Court heard oral arguments on the Motion to Vacate, after which the Court took this matter under advisement.

## II. JURISDICTION

This Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157(b) and 1334.

## III. ISSUE

Whether a statute of limitations concerning renewal of a judgment was tolled during Debtors' bankruptcy proceedings?

## IV. ANALYSIS

### A. Federal Judgment Renewal.

Although the parties assumed Arizona's judgment renewal statute controls renewal of this Judgment, the Court independently tested this assumption. Bankruptcy Judge Curley had occasion to look at this very question in the case of *In re Davis*, 323 B.R. 745 (Bankr. D. Ariz. 2005). After quoting 28 U.S.C. § 1963, the court noted that statute does not fix a time when a federal judgment should be registered. The court also pointed to Bankruptcy Rule 7069 which requires a federal court to look to the "practice and procedure of the state in which the district court is held to execute upon or otherwise enforce a federal judgment." In *Davis*, the judgment creditor registered a non-dischargeable bankruptcy judgment in Arizona so the court applied Arizona law pertinent to the renewal of judgments and found that bankruptcy judgments do not remain viable forever. Rather, the court held that a bankruptcy judgment registered in Arizona must be renewed in accordance with A.R.S. § 12-1612. *Davis*, 323 B.R. at 750.

Citing *Davis* with approval, District Judge Broomfield acknowledged that Arizona law governs the renewal of a federal judgment certified in Arizona. *Fidelity National Financial, Inc. v. Friedman*, 855 F.Supp.2d 948, 962 (D.Ariz. 2012). In *Fidelity National*, the court also observed "[t]here is no federal statute specifically governing renewal of judgments." Federal Magistrate Judge Lawrence Anderson cited *Davis* and *Fidelity National* for the proposition that Arizona law governs the renewal of a bankruptcy judgment registered in Arizona. *Floury v. Sauer*, 2012 WL 5448150, at *3 (D. Ariz. Sept. 30, 2013).

Based on the foregoing, and since the Judgment was registered in Arizona, this Court agrees with the presumption of the parties that we must look to Arizona law to determine whether the Judgment remains enforceable.

. . .

### B. Arizona Judgment and Renewal Statutes.

Pursuant to A.R.S. § 12-1551(B), a judgment expires five years after it is entered unless it is renewed by affidavit or process. A.R.S. § 12-1612(B) provides that "the judgment creditor . . . may within ninety days preceding the expiration of five years from the date of entry of such judgment, make and file an affidavit . . . ." Both of these statutes make it clear that the date of entry of the judgment is the point at which the statute of limitations clock begins to tick. Here, that date is October 30, 2009.

Not only did Baker fail to renew the Judgment within ninety days preceding its expiration, Baker <u>never</u> sought to renew the Judgment. Absent a tolling[3] of this applicable Arizona statute of limitations, the Judgment would have expired in October of 2014. The Judgment is no longer enforceable against Debtors unless Debtors' First Bankruptcy tolled the time for renewal of the Judgment.

### C. Tolling Under Arizona Law.

Baker argues that *Smith v. Lachter* (*In re Smith*), 293 B.R. 220 (9th Cir. BAP 2003) ("*Smith II*") stands for the position that 11 U.S.C. §108(c)(1),[4] extends the time for filing a renewal of the Judgment. DE 52 at 2:19-20.

However, subsequent to the 2003 *Smith II* decision, the Arizona Supreme Court

---

[3] In a different context, the U.S. Supreme Court recently had occasion to review a federal statute (28 U.S.C. § 1367(d)) that contained a provision which "tolled" the time to refile a cause of action which was dismissed. *See Artis v. D.C.*, 138 S. Ct. 594 (2018). In *Artis* the Court indicated that to "toll" a "limitations period means to hold it in abeyance, i.e. to stop the clock." *Id.* at 596. This Court will also use the word "toll" in this order to reference a stopping of the clock on the applicable Arizona statute of limitations.

[4] Section 108(c) provides:
> Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

held that:

> [T]he filing of an affidavit of renewal is simply a ministerial action intended in part to alert interested parties to the existence of the judgment. Such a ministerial filing serves a notice function and does not seek to enforce a judgment . . . It is therefore not prohibited under Arizona law by an automatic bankruptcy stay . . . .

*In re Smith*, 101 P.3d 637, 639 (Ariz. 2004). That court went on to find that "[u]nder Arizona law, the time to file an affidavit of renewal of judgment is not changed or extended by the pendency of a bankruptcy case." *Id*. at 640.

Following the Arizona Supreme Court's opinion in *Smith*, the 9th Circuit BAP observed that "[i]n *Smith II*, we erroneously presumed that Arizona law might provide a tolling period for the renewal of a judgment upon the filing of a bankruptcy petition." *In re Smith*, 352 B.R. 702, 707 (B.A.P. 9th Cir. 2006) ("*Smith III*"). Additionally, the BAP held that, absent state law suspending the time for filing the renewal affidavit, no additional time to renew a judgment is afforded under § 108(c)(1).[5] *Id*. Because Arizona law does not extend the time to file an affidavit of renewal while a judgment debtor enjoys a bankruptcy stay, the five year period to renew a judgment registered in Arizona is *not* tolled by such bankruptcy.

Baker argues that the BAP determined, as a matter of federal law, the effectiveness of a judgment is extended by the number of days A.R.S. §12-1551 would have been suspended by the stay preventing enforcement of the judgment. DE 52 at 2:21-23. Movant also argues that the courts in *In re Smith*, 101 P.3d 637 (Ariz. 2004) and *Hazel v. Ban Beek*, 954 P.2d. 1301 (Wash. 1998) ("*Hazel*"), concluded that even if an affidavit of renewal was not timely filed, the time in which a creditor would have to enforce a judgment would be tolled by a bankruptcy stay. *See* DE 52 at 2:21-25.

---

[5] In *Artis*, the U.S. Supreme Court distinguished between "stop the clock" statutes and "grace period" statutes. *Artis* at 12. Section 108(c)(1) is a "grace period" statute, meaning that statute provided a 30-day grace period to file an action that otherwise expired during the pendency of a bankruptcy.

The ruling in the *Hazel* case is the minority view and it is not binding on this Court. Furthermore, Baker misinterprets the Arizona Supreme Court's *Smith* case. At oral argument, this Court pointed Baker to this Court's October 26, 2017 ruling in *In re Va Bene Trist*, where the Court clarified the tolling issue by noting:

> The *Smith* court made a distinction between ministerial actions and enforcement actions. The court held that ministerial actions with the primary purpose of putting parties on notice, such as affidavits renewing a judgment, were not subject to a bankruptcy stay and therefore were not tolled during a bankruptcy action. *Smith*, 101 P.3d at 639. In contrast, the court held that the bankruptcy automatic stay *did* stay actions that "create, perfect or enforce liens or judgments." *Id.*

*In re Va Bene Trist LLC*, 2017 WL 4862743 (Bankr. D. Ariz. Oct. 26, 2017) (emphasis added). Because the filing of an affidavit of judgment renewal is a ministerial act, renewal of the subject Judgment was not tolled by the bankruptcy stay in the First Bankruptcy or since the Petition Date in the case at bar.

## V. **CONCLUSION**

For the reasons stated above, the Court determines that Baker was required to file a renewal of her Judgment within the timeframe provided under Arizona law in order to maintain a valid judgment against Debtors. Baker failed to do so. The ministerial action of filing the renewal affidavit was not tolled by Debtors' First Bankruptcy nor has it been tolled since the Petition Date in this case. Consequently, enforcement of the Judgment is now barred. Baker is no longer a party in interest in this case because her claims against Debtors are barred by the applicable Arizona statute of limitations. Because Baker is not a party in interest, Baker is not entitled to conduct a Bankruptcy Rule 2004 examination of the Debtors.

**IT IS ORDERED** the Motion to Vacate the December 21, 2017 Order is granted.

**DATED AND SIGNED ABOVE.**

| | |
|---|---|
| 1 | To be Noticed through the BNC to: |
| 2 | Interested Parties |
| 3 | Nathan A. Finch |
| 4 | Catalyst Legal Group PLLC<br>1820 E. Ray Rd. |
| 5 | Chandler, AZ 85225 |
| 6 | Joseph W. Charles, PC |
| 7 | 5704 W. Palmaire Ave.<br>P.O. Box 1737 |
| 8 | Glendale, AZ 85311-1737 |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |